UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12269-RWZ

JEFFREY P. TASSE

v.

LUIS S. SPENCER, GARY RODEN, and CYNTHIA M. SUMNER

MEMORANDUM OF DECISION

September 29, 2014

ZOBEL, D.J.

Plaintiff Jeffrey P. Tasse has sued defendants Luis S. Spencer, the Commissioner

of Corrections, Gary Roden, the Superintendent of Massachusetts Correctional Institution

at Norfolk ("MCI-Norfolk"), and Cynthia M. Sumner, Deputy Superintendent of Treatment

at MCI-Norfolk, for violation of the Eighth and Fourteenth Amendments of the United

States Constitution and Massachusetts law.  He seeks damages and injunctive relief under

42 U.S.C. § 1983.[1]  Defendants have moved for dismissal pursuant to Fed. R. Civ. P.

12(b)(6).

## I. Facts

The facts are taken from the complaint as well as the disciplinary report

incorporated by reference therein. See Parker v. Hurley, 514 F.3d 87, 90 n. 1 (1st Cir.

2008) ("Normally, documents not included in the original pleading cannot be considered

---

[1]Though Mr. Tasse has not specifically invoked 42 U.S.C. § 1983, the court construes his constitutional claims to come under the statute. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (*pro se* complaints are liberally construed).

on a Rule 12(b)(6) motion . . . but courts have made narrow exceptions for documents . . . sufficiently referred to in the complaint.")[2]

Mr. Tasse is incarcerated at the MCI-Norfolk. Prior to November 14, 2012, he was housed in a single cell in a general population unit. Comp. at ¶ 1. On that date, he received a disciplinary report for inappropriate contact with another inmate and was transferred to a Special Management Unit ("SMU") during the pendency of the disciplinary proceeding. The report was eventually closed administratively, and on December 4, 2012, Mr. Tasse was transferred to the "restrictive confinement unit" where he was double-bunked. Id. ¶ 9, 10. He has remained double-bunked since then, although single cells have been available. Id. ¶ 1.

## II. Motion to Dismiss Standard

Dismissal is appropriate when the allegations in the complaint, taken in the light most favorable to the nonmoving party, fail to state a claim. Fed. R. Civ. P. 12(b)(6); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). Although a *pro se* plaintiff's pleadings are held to less stringent standards than formal ones drafted by lawyers, a court will not conjure unpleaded facts to state an actionable claim. Restucci v. Clarke, 669 F. Supp. 2d 150, 154-55 (D. Mass. 2009); see Twombly, 550 U.S. at 558, 562.

## III. Fourteenth Amendment Due Process

To plead a violation of his Fourteenth Amendment rights, plaintiff has to allege that government action constituted an interference with a protected liberty or property interest

---

[2]Plaintiff's motion for the court to consider materials outside the pleadings is denied. Only those materials outside the pleadings that fall within narrow categories may be considered. Parker v. Hurley, 514 F. 3d at 90 n. 1.

and had been the product of inadequate procedure.  U.S. Const. amend. XIV; <u>Restucci</u>, 669 F. Supp. 2d at 157 (<u>citing</u> <u>Kentucky Dept. of Corr. v. Thompson</u>, 490 U.S. 454, 460 (1989)). A prisoner's liberty interest is only "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Simply because an inmate prefers one condition of confinement to another does not make the continuation of the preferred condition a liberty interest protected by the Fourteenth Amendment.  <u>Dominique v. Weld</u>, 73 F.3d 1156, 1160 (1st Cir. 1996).

Mr. Tasse alleges that removing him from a single cell and failing to subsequently reassign him to the same violates his Fourteenth Amendment right to due process. There is, however, no constitutionally protected right to a single cell. <u>Restucci</u>, 669 F. Supp.2d at 157 (<u>citing</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 542 (1979), <u>and</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)). As in <u>Restucci</u>, any "subjective feelings of deprivation that [plaintiff] may experience when moving from a single-bunk cell to a double-bunked cell are not dispositive." <u>Id.</u> at 158. Because plaintiff does not have a constitutionally protected liberty interest in having a single cell, no alleged procedural defects on the part of the defendants can give rise to a violation of his due process rights. <u>See</u> <u>Thompson</u>, 490 U.S. at 460. The due process claim is therefore dismissed.[3]

## IV. Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons

---

[3]Mr. Tasse's placement in a Special Management Unit for Twenty Days likewise does not constitute a due process violation, and claims predicated thereon are likewise dismissed. <u>See</u> <u>Hewitt v. Helms</u>, 459 U.S. 560, 468 (1983).

who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Conclusory allegations that challenged conduct was based on an impermissible distinction are insufficient to state an equal protection claim; a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Mr. Tasse does allege that he was removed from his single cell on account of his sexual orientation, but he does not state any facts to support this claim beyond "threadbare recitals of [the] cause of action's elements, supported by mere conclusory statements." Id. at 663. As a result, the equal protection claim fails as a matter of law. See id.

To the extent plaintiff's equal protection claim is predicated on a "class of one" analysis, Comp. ¶ 1, the defendants need only have acted with some rational basis for the difference in treatment. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Defendants' reasonable understanding that plaintiff had engaged in prior acts of unauthorized sexual contact and their desire to "keep an eye on him" serve as a rational basis for the defendants' behavior. Comp. ¶ 14, 15; see Turner v. Safley, 482 U.S. 78, 89 (1987) ("a prison regulation . . . is valid if it is reasonably related to legitimate penological interests"); Josselyn v. Dennehy, 333 F. App'x 581, 584 (1st Cir. 2009) (prison security is a legitimate governmental interest permitting ban on sexually explicit materials in prisons); accord Morales v. Pallito, 2:13 CV 271, 2014 WL 1758163 (D. Vt. Apr. 30, 2014) ("prisoners . . . have no constitutional right to sexual contact with their fellow inmates."). Because defendants' cell assignment was rational and reasonable it did not violate plaintiff's equal protection rights.

## V. Eighth Amendment Claim

Plaintiff claims that bunking him with random cellmates without compatibility screening constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment because it puts him at a serious and unnecessary risk of violence. Conditions of confinement that impose "unnecessary or wanton infliction of pain" on a prison inmate violate the Eighth Amendment. Rasheed v. D'Antonio, 2011 WL 4382517 (D. Mass. Sept. 19, 2011); see Gregg v. Georgia, 428 U.S. 153, 96 (1976).

In order to state a claim premised on conditions of confinement, the plaintiff must satisfy two tests. Burrell v. Hampshire County, 307 F.3d 1, 8 (1st Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1979)). First, the complaint must allege that the plaintiff suffered an objectively serious deprivation as a result of confinement. Id. Thus, for a claim based on a failure to prevent harm, the plaintiff must demonstrate his conditions of confinement imposed a substantial risk of serious harm. Id. Second, the complaint must allege that prison officials were deliberately indifferent to his health or safety, rather than merely negligent with regard thereto. The officials must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and in fact have drawn that inference. Nunes v. Massachusetts Dep't of Correction, 13-2346, 2014 WL 4494202 (1st Cir. 2014) (citing Farmer, 511 U.S. at 837). The prison official must have "an actual, subjective appreciation" of risk of serious harm to the inmate. Burrell v. Hampshire County, 307 F.3d at 8. "Prison officials cannot be indifferent . . . if they are unaware of the risk . . . [and] they cannot be deliberately indifferent if they respond[ed] reasonably to the risk." Id. (citing Farmer v. Brennan, 511 U.S. at 844).

As to the first test, while defendants were not obliged "to screen potential roommates to eliminate all conceivable risk, no matter how generalized," <u>Alves v. Murphy</u>, 530 F. Supp. 2d 381, 387 (D. Mass. 2008), the complaint alleges that defendants made no effort to screen cellmates to prevent potential assaults. Although "institutions cannot be constitutionally charged with providing "absolute safety" because some risk naturally inheres in the nature of the institutional setting," <u>Alves</u>, 530 F. Supp. at 388 (D. Mass. 2008), inmates are entitled to some degree of effort to ensure their safety in housing assignments. <u>See</u> <u>Jensen v. Clarke</u>, 94 F.3d 1191, 1198 (8th Cir. 1996) (random cell assignments without compatibility screening are cruel and unusual punishment); <u>see also</u> <u>Rasheed</u>, 2011 WL 4382517 at *16 (double bunking an inmate with mental health issue violates Eighth Amendment by imposing objectively serious deprivation), <u>Restucci</u>, 669 F. Supp. 2d at 156 (same).

With regard to the deliberate indifference, however, the complaint, even viewed in the light most favorable to plaintiff, fails. Though Mr. Tasse alleges that defendants knew he was gay and that they assigned him randomly without screening, he does not allege that they were aware of any serious risk of harm to him. Unlike <u>Restucci</u>, where the defendants were aware of the particular risks double-bunking posed to plaintiff, Mr. Tasse does not allege that defendants knew of the risk double-bunking posed to him and deliberately ignored it. Though he states that they "knew or should have known that they cannot constitutionally randomly cell assign any prisoner without screening for compatibility to prevent a pervasive risk of harm," he pleads no facts to support this allegation. Comp. ¶ 27.  As such, the complaint fails to allege facts sufficient to state a

claim of deliberate indifference. See Rasheed, CIV.A. 10-11253-GAO, 2011 WL 4382517 at *19 ("The only other references to . . . defendants in plaintiff's complaint baldly state that they acted with deliberate indifference without alleging any supporting facts. These assertions are nothing more than labels and conclusions and, thus, are insufficient to state a plausible claim upon which relief can be granted.") It therefore fails to state a claim for violation of the Eighth Amendment.

## VI. State Law Grounds

The Eleventh Amendment and principles of federalism preclude this court from directing state officials to comply with state law. Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 43 (1st Cir. 2006) ("[a] federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.") (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)). Therefore, as a matter of law the state law claims cannot form the basis of relief in this court.

## Conclusion

Defendants' motion to dismiss (Docket # 18) is ALLOWED as to all claims.

Judgment may be entered dismissing the complaint.


   September 29, 2014                           /s/Rya W. Zobel          
           DATE                            RYA W. ZOBEL
                                   UNITED STATES DISTRICT JUDGE